IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **OMARRIAN JONES,** | |
| **Plaintiff,** | |
| v. | Case No. 3:19-CV-386-NJR |
| **WEXFORD HEALTH SOURCES, INC., JACOB WEATHERFORD, DR. CHRISTINA FLOREANI, DR. ROBERT GLENN, MEGAN VANPELT, JANE DOE, FRANK LAWRENCE, ROB JEFFEREYS, and DR. EVA LEVEN,** | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the court is a Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) (Doc. 60) filed by Defendant Dr. Robert Glenn. For the reasons set forth below, the Court grants the motion.

### FACTUAL BACKGROUND

Plaintiff Omarrian Jones, who goes by the name I.M, filed this action *pro se* under 42 U.S.C § 1983 on April 8, 2019 (Doc. 1). On September 17, 2019, I.M., through counsel, filed an Amended Complaint naming additional defendants including Defendant Dr. Robert Glenn (Doc. 33).

In the Amended Complaint, I.M. alleges he has been diagnosed with mental illnesses, depression, and ADHD and was classified for a period as Seriously Mentally Ill (*Id.* at pp. 5, 10). I.M. claims that, as a result of not being properly medicated for his mental

health issues, his conditions began to deteriorate, he became severely clinically and chronically depressed, and he began expressing suicidal ideology (*Id.* at p. 5). On August 30, 2018, I.M. acted on his suicidal intentions for the first of several times (*Id.*).

Defendant Dr. Glenn is a psychiatrist employed at Menard Correctional Center and is one of the mental health staff responsible for treatment of I.M.'s mental health conditions (*Id.* at pp. 4, 10). I.M. alleges that Defendants failed to properly assess his mental health diagnoses and lack of medication, among other physical issues, leading to him being misdiagnosed, mistreated, undertreated and/or untreated for his conditions (*Id.* at p. 10). I.M. further alleges that Defendants were deliberately indifferent to his serious mental health needs when they caused a prolonged delay in providing proper treatment, causing him to attempt suicide multiple times (*Id.*). With regard to Dr. Glenn, I.M. alleges that Dr. Glenn requested that I.M. be reinstated on Wellbutrin, but that his request was denied (*Id.* at ¶ 48).

After this Court conducted a merit review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, I.M. is proceeding against Dr. Glenn on one count of Eighth Amendment deliberate indifference to Plaintiff's serious medical needs (Count 8) and one count of intentional infliction of emotional distress under Illinois common law (Count 11) (Doc. 34). On January 7, 2020, Dr. Glenn filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 60). Dr. Glenn argues I.M. failed to allege specific facts indicating he was personally involved in any wrongdoing whatsoever (*Id.*). If anything, Dr. Glenn asserts, I.M.'s allegations suggest he was doing what I.M. requested: attempting to get his prescription for Wellbutrin renewed (*Id.*). Because I.M. has not

alleged that Dr. Glenn was personally involved in any constitutional violation, his claims against Dr. Glenn must be dismissed (*Id.*).

I.M. filed his response on February 24, 2020, arguing that he sufficiently pleaded deliberate indifference as to Dr. Glenn because one can infer that Dr. Glenn was personally involved in I.M.'s treatment when he recommended a course of treatment (Doc. 87 at p. 4). I.M. further maintains that he stated a claim for intentional infliction of emotional distress by alleging that Dr. Glenn was aware of his serious mental health conditions, yet Defendant provided "inconsiderate treatment" toward I.M., including but not limited to allowing I.M.'s mental health conditions to be incorrectly treated. (*Id.* at 6). Alternatively, I.M. requests leave to amend the complaint under Rule 15(a)(2) (*Id.* at p. 7).

## LEGAL STANDARD

A court may dismiss a complaint for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In evaluating this standard, the claim must cross "the line between possibility and plausibility." *Id.* at 557. When ruling on a defendant's motion to dismiss, the Court accepts as true all of the well-pleaded facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016).

## DISCUSSION

### I.   Deliberate Indifference

The Eighth Amendment to the United States Constitution protects prisoners from

cruel and unusual punishment. U.S. CONST. amend. VIII. Deliberate indifference manifested by prison doctors in response to a prisoner's serious medical needs is proscribed by the Eighth Amendment for constituting cruel and unusual punishment. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (citing *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

To state an Eighth Amendment claim for deliberate indifference to a serious medical need, an inmate must show that (1) he suffered from an objectively serious medical condition; and (2) the defendant was deliberately indifferent to a risk of serious harm from that condition. *Rasho v. Elyea*, 856 F.3d 469, 475-76 (7th Cir. 2017). The subjective component of the claim requires a plaintiff to demonstrate that each defendant responded to his medical condition with deliberate indifference. *See Berry v. Peterman*, 604 F.3d 435, 440-41 (7th Cir. 2010); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Liability requires personal involvement in or personal responsibility for the deprivation of a constitutional right. *Knight v. Wiseman*, 590 F.3d 458, 462-63 (7th Cir. 2009) (citation omitted). That is, to state a claim against a defendant, a plaintiff must describe what the defendant did or failed to do that violated the plaintiff's constitutional rights. *Burnett v. Chapman*, No. 19-CV-00628-SMY, 2020 WL 3412949, at *2 (S.D. Ill. June 22, 2020) (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (failure to assert a specific act of wrongdoing to a specific individual does not meet the personal involvement requirement necessary for Section 1983 liability)).

Here, the Amended Complaint fails to allege facts indicating that Dr. Glenn was personally involved in the deprivation of I.M.'s constitutional rights. The only allegation

in the complaint regarding Dr. Glenn's care of I.M. is that another Defendant, Dr. Floreani, took I.M. off Wellbutrin in retaliation (Doc. 33 at ¶ 48). Dr. Glenn then requested that I.M. be put back on Wellbutrin, but the request was denied (*Id.*). While I.M. argues he has alleged sufficient facts to show that Dr. Glenn was personally involved in his medical care, the relevant question is whether he has alleged Dr. Glenn was personally involved in *the deprivation of Plaintiff's constitutional rights.* The Amended Complaint falls well short of that standard. Accordingly, I.M.'s deliberate indifference claim against Dr. Glenn will be dismissed.

## II.     Intentional Infliction of Emotional Distress

Under Illinois law, to state a claim for intentional infliction of emotional distress, a plaintiff must allege (1) the defendants engaged in extreme and outrageous conduct; (2) the defendants either intended to inflict severe emotional distress or knew there was a high probability that their conduct would cause severe emotional distress; and (3) the defendants' conduct in fact caused severe emotional distress. *McGreal v. Vill. Orland Park*, 850 F.3d 308, 314 (7th Cir. 2017); *see also Bailey v. City of Chicago*, 779 F.3d 689, 696–97 (7th Cir. 2015); *Schiller v. Mitchell*, 828 N.E.2d 323, 333 (Ill. App. Ct. 2005) (citing *Pavlik v. Kornhaber*, 761 N.E.2d 175 (Ill. 2001)).

I.M. has failed to state a plausible claim for intentional infliction of emotional distress as to Dr. Glenn. He has not alleged that Dr. Glenn engaged in extreme or outrageous conduct or that Dr. Glenn intended to inflict or knew there was a high probability that his conduct would cause I.M. severe emotional distress. Indeed, as discussed above, the only allegation as to Dr. Glenn is that he attempted to help I.M. by

having him reinstated on prescription medication meant to treat mental illness. These allegations are insufficient to state a claim for intentional infliction of emotional distress.

While I.M. argues that it can be inferred from his factual pleadings that he suffered severe emotional distress due to Dr. Glenn allowing the incorrect treatment for his mental health conditions and Dr. Glenn's "inconsiderate treatment" toward him, the Amended Complaint is void of any allegations from which the Court can make that inference. Instead, the only allegation is that Dr. Glenn tried to place I.M. back on the correct medication. There is no allegation that Dr. Glenn had the final say as to what prescriptions I.M. would receive or that he provided any "inconsiderate treatment." For these reasons, the intentional infliction of emotional distress claim against Dr. Glenn will be dismissed.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss for Failure to State a Claim filed by Defendant Dr. Robert Glenn (Doc. 60) is **GRANTED**. The claims against Dr. Glenn in Counts 8 and 11 are **DISMISSED without prejudice**. Plaintiff Omarrian Jones is **GRANTED** leave to amend his complaint on or before **July 24, 2020**.

IT IS SO ORDERED.

DATED:   June 24, 2020

                                                                                              _____
                                                                                              **NANCY J. ROSENSTENGEL**
                                                                                              **Chief U.S. District Judge**